541 So.2d 666 (1989)
SEMINOLE COUNTY, Florida, Appellant,
v.
CITY OF CASSELBERRY, Etc. City of Winter Springs, Etc. City of Sanford, Etc., Appellees.
Nos. 88-1324 to 88-1326.
District Court of Appeal of Florida, Fifth District.
March 9, 1989.
Rehearing Denied April 19, 1989.
Robert L. Nabors and Arthur R. Wiedinger, Jr., of Nabors, Giblin, Steffens & Nickerson, P.A., Tallahassee, and Nikki Clayton, Seminole Co. Atty., Sanford, for appellant.
Frank C. Kruppenbacher of Bryant, Miller, Olive, Land and Kruppenbacher, Orlando, for appellee City of Winter Springs.
Kenneth W. McIntosh, William L. Colbert and Donna L. Surratt-McIntosh of Stenstrom, McIntosh, Julian, Colbert, Whigham & Simmons, P.A., Sanford, for appellees City of Sanford and City of Casselberry.
COWART, Judge.
Seminole County adopted an ordinance imposing impact fees for improvement of certain county road system roads (§ 334.03(6), Fla. Stat.) within the cities of Sanford, Casselberry and Winter Springs. Each of those cities adopted an ordinance establishing a six month moratorium on the collection of all road impact fees within their city limits. Seminole County brought an action for a judgment declaring that the cities' respective ordinances were invalid. The trial court held that there was a "conflict" between the county ordinance and the cities' ordinances and that because Seminole County is a non-chartered county, and because Article VIII, § 1(f) of the Florida Constitution (1968) provides that "an ordinance [of a non-chartered government] in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict," the municipal ordinances "opting out" of the county's impact fee ordinance were valid and effective to prevail over the county's impact ordinance. Seminole County appeals.
We reverse on the authority of Ormond Beach v. Volusia, 535 So.2d 302 (Fla. 5th DCA 1988).[1] While the trial court *667 based its summary judgment in favor of the cities on the constitutional supremacy of the cities' ordinances over the county ordinance, the cities' counsel in oral argument before this court stated that the cities have also asserted in their answer in the declaratory proceedings below (which answer is not in the record on appeal) that the county impact fee ordinance is invalid, which defense matters the cities should be entitled to pursue even if the cities' supremacy argument does not prevail. The validity of the county ordinance was not an issue in Ormond Beach.
Accordingly, the summary judgment in favor of the cities, based on the constitutional supremacy of the cities' ordinances over the county impact ordinance, is reversed and this cause is remanded for further proceedings.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] While Volusia County is a chartered county whose constitutional powers are based on Article VIII, § 1(g) and Seminole is a non-chartered county whose constitutional powers are based on Article VIII, § 1(f), this distinction is without meaning in this instance because the Volusia County charter itself provides that a Volusia County ordinance in conflict with a municipal ordinance is not effective within the municipality to the extent of such conflict. See section 1305, Volusia County Charter.